COPY

FILED

1   KENNETH G. EADE (SBN 93774)
    keneade@gmail.com
2   LAW OFFICE OF KENNETH G. EADE
3   6399 Wilshire Blvd., Suite 507
    Los Angeles, CA 90048
4   Telephone: 323-782-8802
5   Facsimile: 323-407-1394

2012 JUL 25 PM 12: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6   Attorney for Plaintiff
    IZAK ENGELBRECHT
7

8
                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11  IZAK ENGELBRECHT,                    Case No. CV 12-6371-MWF
12                                                 (DTB)
                   Plaintiff,
13
14       v.                             **VERIFIED COMPLAINT FOR**
                                        **DECLARATORY RELIEF,**
15  VERIZON CALIFORNIA, INC., a         **INJUNCTIVE RELIEF AND**
    California corporation, NORTH STAR  **DAMAGES**
16  COLLECTION AGENCY, entity form
17  unknown, and DOES 1 through 10,
    inclusive,
18
19                 Defendants.
20
21
22
23
24
25
26
27
28
                                  - 1 -

Plaintiff, IZAK ENGELBRECHT, hereby alleges as follows:

### **PRELIMINARY ALLEGATIONS**

1.     Plaintiff, IZAK ENGELBRECHT ("ENGELBRECHT"), is an individual, and citizen of the state of California.

2.     Defendant VERIZON CALIFORNIA, INC., ("VERIZON") is a corporation, duly formed and existing under the laws of the state of California, with its principal place of business in the county of Los Angeles, state of California.

3.     Defendant NORTH STAR COLLECTION AGENCY ("NORTH STAR") is an entity whose capacity is unknown whom, at all times herein mentioned, acted as the agent and servant of VERIZON.

4.     Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names.   Plaintiff is informed and believes that each of the Defendants has diverse citizenship to the Plaintiff, and Plaintiff will seek leave of court to allege their true names and citizenship when ascertained.

5.     This Court has jurisdiction over this case pursuant to 28 USC §1331 (federal question), and 15 USC §1681(p).   The amount in controversy exceeds $75,000.

6.     The Court has personal jurisdiction over the Defendants and venue is proper under the Fair Credit Reporting Act (FCRA), 15 USC §1681 et seq., in connection with a purported debt appearing on Plaintiff's consumer reports, and the Defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable investigation of the matter.

7.     Defendant VERIZON, in the ordinary course of its business, routinely and regularly reported to consumer credit reporting agencies information about the Plaintiff's transactions on collection accounts.

VERIFIED COMPLAINT

**FIRST COUNT FOR VIOLATION OF FCRA**

8.   Plaintiff hereby repeats and re-alleges each and every allegation contained within Paragraphs 1 through 7, and incorporates the same by reference as though set forth in full herein.

9.   Defendant VERIZON regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions and experiences with any consumer.

10.   In February 2010, VERIZON entered into an oral settlement agreement (the "Agreement"), the terms of which were that Plaintiff would pay the entire amount due and owing on Verizon account numbers 454742391922742706 and 457031398527125105 and VERIZON would remove all derogatory information about the alleged debt from Plaintiff's consumer credit profiles.

11.   Plaintiff performed all terms and conditions required of him to be performed under the Agreement, and paid the agreed settlement amount of $5,196.36 to VERIZON, upon the express promise of the Defendants to remove all derogatory information from the Plaintiff's consumer credit profiles concerning the alleged debt.

12.   The Defendants breached the Agreement and violated the Fair Credit Reporting Act by never removing any derogatory information from the Plaintiff's consumer credit profiles.

13.   Subsequent to the Agreement and its receipt of Plaintiff's payment, Defendant VERIZON reported Plaintiff's alleged debt as a "paid charge off," a derogatory credit line, to consumer reporting agency Experian Information Services, Inc. (the "information").

14.   From January through June of 2011, Plaintiff disputed the information with Defendant VERIZON in writing.   VERIZON failed and refused to correct the information.

- 3 -

1    15.    From January through June 2011, Plaintiff initiated multiple reinvestigation

2    requests with the consumer reporting agency Experian Information Services, Inc.

3    ("Experian"), disputing the information that Defendant VERIZON had reported as

4    inaccurate, pursuant to the FCRA.

5    16.    During the multiple reinvestigations, Defendant VERIZON confirmed to

6    Experian that the reports it had made on Plaintiff's account were correct and accurate,

7    without performing any investigation into the facts, as required by 15 USC

8    Section 1681s-2(b)(1). If it had performed such an investigation, Defendant would have

9    known that the report was contrary to the parties' settlement agreement.

10    17.    Defendant VERIZON did not notify the Plaintiff at any time that the

11    Plaintiff's dispute of the balance owed on the account was considered frivolous or

12    irrelevant, or that Plaintiff had failed to provide sufficient information to investigate the

13    disputed information.

14    18.    Defendant VERIZON failed to review all relevant information provided by

15    the consumer reporting agencies, pursuant to 15 USC Section 1681s-2(b)(1) after the

16    Plaintiff's notice of dispute was received at the offices of VERIZON. If it had it would

17    have known that the settlement agreement precluded a negative credit profile report.

18    19.    Defendant VERIZON failed to report the agreed upon information to the

19    credit reporting agency, as required by 15 USC Section 1681s-2(b)(1)(D).

20    20.    Defendant VERIZON failed to report the results of the investigation to the

21    credit reporting agency; to remove the derogatory references, as required by 15 USC

22    Section 1681s-2(b)(1)(C).

23    21.    Defendant VERIZON, in response to the notices of reinvestigation from

24    Experian, verified that the disputed information was accurate and complete on four

25    separate occasions, even though it were in possession of information which showed that

26    the report was inaccurate, as it was not what was agreed upon between the parties, and

27    the fact that it was done in response to multiple reinvestigation requests from multiple

28

- 4 -

1   consumer reporting agencies and the Plaintiff is evidence of willful noncompliance with

2   the FCRA on the part of VERIZON.

3       22.   As a proximate result of the Defendant's violation of the Fair Credit

4   Reporting Act as herein alleged, Plaintiff has been damaged in an amount exceeding

5   $75,000, in that Plaintiff has been unable to obtain loans, insurance or financial

6   opportunities due to the blemish Defendant has placed on his credit profiles, in order to

7   regrow his wealth, provide for his retirement, or run a business, and he stands to lose

8   opportunities in employment in his profession and field of expertise as an officer and

9   director of a public company, responsible for the finance department of that public

10  company, who is responsible for raising millions of dollars.  The exact amount of said

11  damage is unknown to Plaintiff at this time, and Plaintiff will seek leave of Court to

12  amend this complaint when ascertained.

13      23.   As a further proximate result of the Defendant's violation of the Fair Credit

14  Reporting Act, as herein alleged, Plaintiff has incurred and will continue to incur

15  attorney's fees and costs of suit.

16      24.   Defendant's conduct was willful, deceitful, fraudulent, and reckless,

17  entitling Plaintiff to punitive damages under the FCRA.

18      25.   Defendant VERIZON failed to adequately conduct an investigation with

19  respect to the disputed information, as required by 15 USC Section 1681s-2(b)(1) after

20  the Plaintiff's notice of dispute was received at the office of VERIZON.

21      26.   Defendant VERIZON failed to report the results of the investigation findings

22  to the consumer reporting agencies that the information provided by such person was

23  incomplete or inaccurate, as required by 15 USC Section 1681s-2(b)(1)(D).

24      27.   Defendant VERIZON, in response to the notices of reinvestigation from

25  Experian, verified that the disputed information was accurate and complete on four

26  separate occasions, even though it was in possession of information which showed that

27  the trade lines were inaccurate, and the fact that it was done in response to multiple

28

- 5 -

VERIFIED COMPLAINT

1  reinvestigation requests from multiple consumer reporting agencies and the Plaintiff is
2  evidence of willful noncompliance with the FCRA on the part of VERIZON.

3       28.    The debt still remains reported on Plaintiff's credit profiles by Transunion
4  and Equifax as a "collection/charge off" and by Experian as a "paid charge off."

5       29.    As a proximate result of the Defendant's violation of the Fair Credit
6  Reporting Act as herein alleged, Plaintiff has been damaged in an amount exceeding
7  $75,000, in that Plaintiff has been unable to obtain credit and has lost opportunities in
8  employment in his profession and field of expertise.

9       30.    As a further proximate result of the Defendant's violation of the Fair Credit
10 Reporting Act, as herein alleged, Plaintiff has incurred and will continue to incur
11 attorney's fees and costs of suit.

12      31.    Defendant's conduct was willful, deceitful and fraudulent, entitling Plaintiff
13 to punitive damages under the FCRA.

14

15            **SECOND COUNT FOR DECLARATORY AND INJUNCTIVE RELIEF**

16      32.    Plaintiff hereby repeats and realleges each and every allegation contained
17 within paragraphs 1 through 7 and 9 through 32, and incorporates the same by reference
18 as though set forth in full herein.

19      33.    An actual controversy has arisen and now exists between Plaintiff and
20 Defendant, whereby Plaintiff contends that the Defendants have a duty to instruct
21 Experian to remove derogatory information and Defendant contends that it has no such
22 duty and can report the account as it sees fit, despite the Agreement.

23      34.    Plaintiff desires a judicial determination from this Court that, pursuant to the
24 Agreement, Defendant has the duty to remove all derogatory information regarding the
25 account from Plaintiff's credit profiles.

26      35.    Plaintiff is the president of a publicly held company and is required by his
27 employer to maintain a spotless credit record, at the expense of losing his job.  Unless

28

VERIFIED COMPLAINT

enjoined and restrained from reporting the Plaintiff's account as derogatory, Defendant will continue to report inaccurate information that is contradictory to what the Defendant agreed to report, and not as agreed by the parties.  This will cause Plaintiff irreparable injury unless the injunction is issued, in that he will lose his executive position as President of a publicly held company, unless the agreed upon information is reported.

36.   Plaintiff has no adequate remedy at law for the injuries currently being suffered and will suffer irreparable and permanent injury in that, unless Defendant is enjoined and restrained from reporting on Plaintiff's credit as agreed, Plaintiff will suffer injury to his credit record and will lose his job as president of a publicly held company.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For a preliminary and permanent injunction, enjoining and restraining the Defendants from engaging in further violations of the FRCA, and from reporting or verifying any information to any consumer reporting agency regarding the Plaintiff's accounts;

2.   For statutory or compensatory damages according to proof;

3.   For punitive and exemplary damages according to proof;

4.   For costs of suit and reasonable attorney's fees; and

5.   For such other and further relief as the Court may deem just and proper.

DATED:  July 24, 2012

_____
KENNETH EADE (SBN 93774)
Attorney for Plaintiff,
IZAK ENGELBRECHT

- 7 -

## **DEMAND FOR JURY TRIAL**

Please take notice that the Plaintiff demands a jury trial in this action.

DATED:  July 24, 2012

_____

KENNETH EADE (SBN 93774)
Attorney for Plaintiff,
IZAK ENGELBRECHT

- 8 -

**VERIFICATION**

I, IZAK ENGELBRECHT, hereby declare as follows:

I am the plaintiff in this matter.  I have read the foregoing complaint and know the contents thereof.

The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of July, 2012, at Redlands, California.

_____

ZIRK ENGELBRECHT

VERIFIED COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV12- 6371 MWF (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
KENNETH G. EADE, ESQ. (SBN 93774)
LAW OFFICE OF KENNETH G. EADE
6399 WILSHIRE BLVD., SUITE 507
LOS ANGELES, CA 90048
TEL: (323) 782-8802  FAX: (323) 704-3539

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZAK ENGELBRECHT,<br><br>PLAINTIFF(S)<br>v.<br><br>VERIZON CALIFORNIA, INC., a California corporation, NORTH STAR COLLECTION AGENCY, entity form unknown, and DOES 1through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-6371 -MWF /DTBx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Verizon California, Inc., a California corporation, North Star Collection Agency, entity form unknown, and DOES 1 through 10, inclusive.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, KENNETH G. EADE, ESQ._____, whose address is 6399 WILSHIRE BLVD., SUITE 507, LOS ANGELES, CA 90048_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUL 2 5 2012

By: MARILYN DAVIS

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                           **SUMMONS**

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| IZAK ENGELBRECHT, | VERIZON CALIFORNIA, INC., a California corporation, NORTH STAR COLLECTION AGENCY, entity form unknown, and DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICE OF KENNETH G. EADE<br>6399 WILSHIRE BLVD., SUITE 507<br>LOS ANGELES, CA  90048   TEL: (323) 782-8802 | |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) | | | |
|---|---|---|---|---|
| | | PTF | DEF | PTF DEF |
| ☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State  ☐ 4  ☐ 4 |
| ☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place ☐ 5  ☐ 5 of Business in Another State |
| | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | | Foreign Nation  ☐ 6  ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes  ☒ No          ☒ MONEY DEMANDED IN COMPLAINT: $ 75,000 +

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §1331 (federal question), 15 USC §78j and 17 CFR §240.10b-5

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-6371**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Unknown (Defendant North Star Collection Agency) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 07/24/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |